UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sylvester Langley,

             Plaintiff,                        Case No. 1:10-cv-604

v.                                                        Hon. Robert J. Jonker

Chase Home Finance, LLC, et al.,

             Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION
## AND
## REMANDING SOLE REMAINING STATE LAW CLAIM

The court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation advises this Court to grant the Defendants' dispositive motions in all but one respect: namely, Plaintiff's procedural challenge under Michigan law to various aspects of the foreclosure by advertisement procedure used by Defendants. As to this remaining state law claim, the Magistrate Judge recommends that this Court decline to continue exercising supplemental jurisdiction, and remand the matter to State court because there is no ongoing basis for original federal jurisdiction on either a federal question or diversity basis.

Plaintiff has not objected to the Report and Recommendation. **Accordingly, to the extent the Report and Recommendation recommends a grant of Defendants' dispositive motions, the Report and Recommendation of the Magistrate Judge, filed March 11, 2011, is approved and adopted as the opinion of the court**.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). Defendant Chase has objected to the portion of the Report and Recommendation advising the Court to deny its dispositive motions on the Plaintiff's challenge under State law to the process used for foreclosure by advertisement. Defendant Trott & Trott has not objected to this aspect of the Report and Recommendation. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge on this issue; the Report and Recommendation itself; and all other matters of record. After its review, the Court finds the Magistrate Judge's Report and Recommendation to be both factually sound and legally correct on this disputed issue.

Defendant Chase first objects that it has, in fact, addressed Plaintiff's State law claims on the merits, and that the Magistrate Judge was wrong to conclude otherwise. It is true that Chase addressed the Plaintiff's claim that State law foreclosure requires production by the initiating party of an originally signed, so-called "blue ink" copy, of the Promissory Note. But Plaintiff's response to the Chase dispositive motions goes beyond this claim and asserts other procedural challenges that have not been the subject of merits briefing. When construing pro se pleadings and other papers filed by litigants like Plaintiff in this case, the Magistrate Judge properly pointed out the need for some level of judicial caution and indulgence in assessing the nature of the claims actually presented. Even these liberal construction standards were not enough in the Magistrate Judge's view to save some of Plaintiff's other claims, but with respect to the State law foreclosure issues, the Court agrees that there is enough of record to warrant denial of the Defendants' dispositive motions on this issue at this time. Most of Plaintiff's challenges to the State law foreclosure process root in some way in the role of MERS. The Court notes that application of State law foreclosure proceedings in the particular factual context of mortgages handled by MERS present especially challenging legal and factual issues. The issues are bedeviling experienced commercial attorneys

and judges, *see, e.g. In re Agard*, ___ B.R. __, 2011 WL 499959 (Bkrtcy. E.D.N.Y. Feb. 10, 2011)[1], and so it is especially important to exercise restraint in reviewing *pro se* pleadings on the same issues. In addition, of course, Trott & Trott has not even objected to the Magistrate Judge's Report and Recommendation, and so to the extent Plaintiff's State law foreclosure challenge is asserted against Defendant Trott & Trott, it survives based on the lack of objection alone.

Second, Chase suggests that remand would be inappropriate, and that Plaintiff's claim on this issue lacks ripeness because no foreclosure sale has yet occurred. This Court disagrees with Chase's claim that the issues are not ripe. It may be that no forced sale has yet occurred, but that is hardly the test for ripeness to challenge the foreclosure process. Everyone agrees that the foreclosure process has been initiated, and this is enough to trigger a Plaintiff's right to object. Indeed, in some contexts, the Michigan foreclosure statute expressly authorizes actions to enjoin a foreclosure process, such as this one, that is underway but not yet complete. *See, e.g.* Mich. Comp. Laws Ann. § 600.3205a(5) (authorizing actions to enjoin foreclosure in certain home mortgage cases). Of course, Plaintiff would need to persuade a Court on the merits that some kind

---

[1] This Court takes no position at this time on the questions addressed by Judge Grossman in the *Agard* decision on the role of MERS, and its limits, in foreclosure matters. The Court simply notes at this time that the structure of MERS appears to raise new issues under mortgage law, and is not necessarily a simple extension of established securitization practices in which loan packages--including both the original note and its securing mortgage–were assigned and became collateral for a mortgage-backed investment of some kind. In those established arrangements, the note and mortgage stayed together as a package. Purported ownership interests, whether legal or equitable, in the note and mortgage were not severed, as they appear to have been in MERS transactions like this one. Moreover, the servicing agent in the transaction did not purport to take title to anything, whether "as nominee" or otherwise. Ultimately, these and other differences in the legal structure may not be dispositive. After all, as Defendants point out, Plaintiff is in admitted default on his obligation because he simply has not made his loan payments to anyone. Ultimately, a borrower that doesn't pay on a secured debt obligation should not be surprised to find out that he or she is going to lose rights in the underlying security. Indeed, it would seem that the continuing liquidity of any secondary market for mortgage financing depends on the ability of *bona fide* creditors to recover their collateral under established legal procedures in the event of default. Sooner or later, it would seem a borrower who mortgaged property to secure a note is going to have to pay up on the note, or lose all rights to the mortgaged property. But at this point in the case, the unique documentation and legal structure of MERS complicates the factual and legal picture and warrants denial of the Defendants' dispositive motions on the challenge to the foreclosure process.

of emergent relief was appropriate. But plainly ripeness is not a problem.[2] As the Magistrate Judge urged, the merits of this strictly State law claim are best handled in the first instance by the State Court, now that all federal claims have been dismissed, and in the absence of any other basis for original federal subject matter jurisdiction.

Accordingly, the Court rejects the only objection lodged by any party to the Report and Recommendation, and **adopts the Report and Recommendation on the only issue subject to objection**. Based on this decision, and on the Court's adoption the portions of the Report and Recommendation to which no party has objected, **all of Plaintiff's federal claims are dismissed with prejudice, and all but one of Plaintiff's state law claims are dismissed with prejudice**. The sole remaining claim is Plaintiff's challenge under State law to the foreclosure by advertisement process initiated by the Defendants. **This issue is remanded to the State Court** under 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

    /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2011

---

[2]The problem most Plaintiffs seem to encounter in this area is the opposite of ripeness. This Court has a rising number of mortgage foreclosure cases on its docket. Many of the cases originate after a Sheriff's sale of the property, and often near or shortly after the redemption deadline. In such cases, Defendants routinely seek dismissal based on an unpublished decision of the Michigan Court of Appeals, *Overton v. MERS*, 2009 Mich. App. Lexis 1209 (May 28, 2009). Many Defendants suggest the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the Plaintiffs in such cases are the last lawful owner and possessor of the property. Moreover, they often remain in continuing possession of the property notwithstanding any Sheriff's sale and expiration of a redemption period. Moreover, Plaintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights. This certainly seems to satisfy the basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis. Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue. Of course, having standing to bring a claim does not mean you have a valid claim on the merits. That is a different question. *Overton* is best viewed as a merits decision, not a standing case. In any case, *Overton,* whatever it means, does not apply to any issue in dispute here.